**STATE of Utah, Plaintiff and Respondent,**

*v.*

**Charles Steven ARCHULETTA, Defendant and Appellant.**

No. 15919.

Supreme Court of Utah.

July 11, 1979.

Salt Lake Legal Defender Assn., Salt Lake City, for defendant and appellant.

Robert B. Hansen, Atty. Gen., William W. Barrett, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

MAUGHAN, Justice:

Appeal was brought from a jury verdict finding the defendant, Charles Steven Archuletta (hereafter Archuletta), guilty of forcible sodomy in violation of § 76–5–403. We affirm. All statutory references are to Utah Code Ann., 1953, as enacted 1973.

On the evening of September 27, 1977, the victim became acquainted with Archuletta. Following their initial meeting, Archuletta and the victim, then accompanied by another girl, purchased some beer which they drank at a party given by a friend of Archuletta. Departing from the party, the threesome drove to the Memory Grove-Capitol Hill area where Archuletta offered the girls some capsules, allegedly containing vitamin compounds. Although initially refusing the offer, the girls subsequently ingested the capsules. Shortly thereafter, the other girl left the victim and defendant at what was allegedly the home of defendant's mother. The victim testified at this time she was becoming very tired and dizzy, and after entering an apartment around the corner from the defendant's mother's home, she passed out.

The victim testified that upon awakening, she informed the defendant, "I feel really sick. I feel dizzy." Thereafter, Archuletta initiated certain preliminary sexual foreplay including the disrobing and massage of the victim. While the victim testified that she demanded defendant not to disrobe her, she explained that she was unable to struggle because she felt weak and on the verge of unconsciousness.[1] Sexual intercourse ensued. Following the completion of the sexual intercourse, Archuletta asked the victim to perform fellatio. The victim denied defendant's requests, and while trying to get up from the floor, announced to defendant she wanted to go home. According to the testimony of the victim, Archuletta physically restrained her from leaving the premises or screaming for help. Then, as explained by the victim:

"He (Archuletta) was getting really mad at me . . .. And then—and then I wouldn't do what he was asking me to do. And so there was a Michelob bottle sitting on the coffee table behind us . . .. And he picked that bottle off the table . . .. And he was laying on my back and kind of sitting on my

1. The toxicologist's examination of blood and urine samples from the victim evidenced an unusually high concentration of trichloral ethanol in the girl's system. This supports the evidence that one of the capsules ingested by the victim contained chloral hydrate. This drug is a commonly used depressant which could have effected results similar to those testified to by the victim.

feet. . . . And I said, "Let me go." And he said, "No." He said, "I know you want to do this. You are just trying to make me mad." And so he took the Michelob bottle, and he tried to force it up into my vagina. And I grabbed his arm, and I told him to stop, and I told him I'd do what he wanted me to do. And so—so then I tried to do it for him, and he kept getting mad at me and he kept telling me I wasn't doing it right.

At the completion of fellatio, the victim again announced her desire to leave, but Archuletta removed her to the bedroom where she again lost consciousness. Upon regaining consciousness, the victim left the sleeping Archuletta, and after running from the apartment, reported the prior incidents to her mother and father. The police were summoned, Archuletta was arrested, tried and found guilty by a jury of forcible sodomy.

The defendant contends the victim failed to offer an amount of resistance reasonably sufficient for her age, strength, the surrounding facts, and attending circumstances, to evidence her lack of consent. Concerning the question of consent, § 76–5–406 provides:

> An act of sexual intercourse, sodomy, or sexual abuse is without consent of the victim under any of the following circumstances:
>
> > (1) When the actor compels the victim to submit or participate by force that overcomes such earnest resistance as might reasonably be expected under the circumstances; or
> >
> > (2) The actor compels the victim to submit or participate by any threat that would prevent resistance by a person of ordinary resolution; or
> >
> > (3) The victim has not consented and the actor knows the victim is unconscious, unaware that the act is occurring, or physically unable to resist; or
> >
> > \* \* \* \* \* \*
> >
> > (6) The actor intentionally impaired the power of the victim to appraise or control his or her conduct by administering any substance without his or her knowledge; or

Applying the facts of this case and the testimony of the victim to this statutory standard renders meritless the allegation the victim consented to the act.

The testimony of the victim is supported by the evidence involving the chloral hydrate capsules, and the level of trichloral ethanol in her blood. The evidence is credible, and adequately supports the conclusion of the jury.

CROCKETT, C. J., and HALL, WILKINS and STEWART, JJ., concur.